IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BRIAN W. SOLTWISCH,                                    Civ. No. 3:14-CV-00556-AC

     Plaintiff,                                               OPINION AND
                                                                              ORDER

       v.

CAROLYN W. COLVIN ACTING
COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

ACOSTA, Magistrate Judge:

*Opinion and Order*

    Plaintiff Brian W. Soltwisch ("Claimant") seeks review of the Social Security

Commissioner's ("Commissioner") unfavorable decision, denying Claimant's application for

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This

Page 1 - OPINION AND ORDER                                                    *{RTK}*

court has jurisdiction under 42 U.S.C. § 405(g). Following a review of the record, the court finds the decision of the Commissioner is supported by substantial evidence and the decision is affirmed.

## Procedural Background

Claimant filed an application for SSI on October 15, 2010, and alleged a disability onset date of July 7, 2010, due to a "back injury and memory problems." Tr. at 251. The application was denied initially and on reconsideration. Administrative Law Judge Sue Leise ("the ALJ") held a hearing on October 31, 2012. Tr. at 38-62. At the hearing, Claimant was represented by his attorney, Lisa Porter. Claimant and Gary Jesky, a Vocational Expert ("VE"), testified. The ALJ issued a decision on November 20, 2012, in which she found Claimant was not disabled. Tr. at 24-34. That decision became the final decision of the Commissioner on February 6, 2014, when the Appeals Council denied Claimant's request for review. Tr. at 1-4. On April 4, 2014, Claimant filed a complaint in this court seeking review of the Commissioner's decision.

## Factual Background

Claimant was thirty years old at the time he filed an application for SSI. Tr. at 33. He has no past relevant work, has a high-school education, and is able to communicate in English. *Id.* Claimant alleges in his complaint he is permanently disabled on the basis of back pain, social anxiety, depression, and substance abuse. Tr. at 26.

## Disability Analysis

The Commissioner engages in a sequential process ranging between one and five steps in determining whether an individual is disabled under the Act. *Bowen v. Yukert*, 482 U.S. 137, 140 (1987); *see* 20 C.F.R. § 416.920(a)-(f) (describing the five-step sequence).

Step one requires the ALJ to determine if the claimant is performing substantial gainful

activity ("SGA").  20 C.F.R. § 416.920(b).  To constitute SGA, the claimant's work must be both substantial, which involves significant physical or mental activities, and gainful, which is work done for pay or for profit.  20 C.F.R. § 404.1572.  If the claimant is or has been engaged in SGA, the claimant is not disabled.  20 C.F.R. § 416.920(b).

At step two, the ALJ must determine if the claimant has a "severe medically determinable physical and mental impairment" that meets the twelve-month duration requirement.  20 C.F.R. § 416.920(c).  If the claimant does not have such an impairment, he is not disabled.  At step three, the ALJ must determine whether the claimant's severe impairments, alone or in combination,  meet or equal a "listed" impairment in the regulations.  20 C.F.R. § 416.920(d).  If the ALJ determines the impairment or combination of impairments equals a listed impairment, the claimant is disabled and the analysis is at an end.  If not, the ALJ proceeds to analyze the claimant's RFC.

If the adjudication proceeds beyond step three, the ALJ must evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular basis, despite the limitations imposed by his or her impairments.  20 C.F.R. § 416.945(a)(1).  The ALJ uses this information to determine whether the claimant can perform past-relevant work at step four.  20 C.F.R. § 416.920(e).  If the claimant cannot perform past-relevant work, the ALJ must move to step five and analyze the claimant's ability to perform other work in the national economy.  20 C.F.R. § 416.920(e).  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant bears the initial burden of establishing disability.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis reaches the fifth step, the burden shifts to the Commissioner to identify jobs within the claimant's RFC exist in the national economy.  *Id.*  If the

Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(h). However, if the claimant's RFC prevents the claimant from engaging in SGA, he or she is disabled and entitled to benefits.

*The ALJ's Findings*

At the first step of the five-step sequential evaluation process, the ALJ found Claimant had not engaged in SGA since his alleged onset date. Tr. at 26. At step two, the ALJ found·that Claimant has the following severe impairments: "degenerative disc disease; depression; social phobia; pain disorder; antisocial personality features; and substance abuse in early remissions." *Id.*

At step three, the ALJ found Claimant's impairment, or combination of impairments, did not meet or equal the requirements of a listed impairment in 20 C.F.R. Part 404, subpart P, app. 1. Tr. at 26-8. Specifically, Claimant's degenerative disc disease did not meet or medically equal section 1.04 disorders of the spine because there is no evidence of nerve root compression, claudication, spinal arachnoiditis, or lumbar stenosis resulting in pseudoclaudication. In addition, the severity of Claimant's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, and 12.09.

Because Claimant did not establish disability at step three, the ALJ assessed Claimant's RFC. Tr. at 28-33. The ALJ found Claimant had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except lift and carry twenty pounds occasionally and ten pounds frequently. *Id.* at 28. The ALJ further explained:

> [Claimant] can stand and walk for 6 hours in an 8 hour day; sit for 6 hours in an 8 hour day; cannot do any work above the shoulder level; should not work around hazards such as unprotected heights or dangerous machinery; no climbing ladders, ropes, or scaffolds; can remember, understand, and carry out simple tasks and instructions typical of occupations with a SVP of 1 or 2 . . . .

Tr. at 28-33.  Finally, the ALJ stated Claimant can have only superficial incidental interaction with the general public and "can work in the proximity of coworkers, but not engage in teamwork."  *Id.*

At step four, the ALJ determined Claimant had no past-relevant.  Tr. at 33.  At the fifth step, the ALJ considered testimony from the VE and concluded, based on Claimant's age, education, work experience, and RFC, that jobs existed in the national economy which Soltwisch could perform.  Tr. at 33.  Specifically, the VE testified Claimant is able to do janitorial work (DOT 323.687-014, light, unskilled SVP 2) or small products assembly (DOT 739.687-030, light, unskilled SVP 2).  Tr. at 34.

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g). *See also Brewes v. Comm'r Soc. Sec. Admin.*, 682 F. 3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (2012) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his or her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when it is ambiguous or incomplete. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th  Cir. 2001)).

*Discussion*

Claimant purports to make two arguments in favor of reversal. However, Claimant's first argument conflates two related, but distinct, issues and the court construes Claimant's brief to raise three assignments of error. In all, Claimant contends the ALJ's decision should be reversed because the ALJ: (1) failed to properly evaluate the opinion of Dr. Arthur Kowitch, Ph.D. ("Dr. Kowitch"); (2) neglected her duty to develop the record regarding Claimant's psychological problems; and (3) failed to include all of Claimant's non-exertional limitations in the RFC. The Commissioner contends the ALJ committed no error and, even if she did, the error was harmless to the ultimate disability determination in this case.

I.  The Opinion of Dr. Kowitch

Claimant first argues that the ALJ improperly considered the opinion of Dr. Kowitch. However, Claimant does not specifically articulate how the ALJ erred in his analysis. As part of a parental-fitness examination, Claimant was evaluated by Dr. Kowitch. Dr. Kowitch opined that Claimant's "[t]hought processes were relevant and well guided and articulated in a clear and coherent manner at a normal rate of production . . . ." Tr. at 365. Claimant's "memory appeared intact," and "presented with no overt signs of psychosis." Tr. at 365. Regarding Claimant's social anxiety, Dr. Kowitch observed that Claimant's "chronic social insecurity and indications from testing of social disinterest may reflect schizoid personality features; however, these ongoing trends also appear associated with the inhibiting effects of his social phobia and drug using lifestyle." Ultimately, Dr. Kowitch concluded the following:

> In addition to ongoing medical monitoring, [Claimant] will likely need long-term mental health treatment involving both talk therapy and pharmacological intervention. He needs therapy to help him with anxiety management, resolve past

trauma, and bolster his involvement in activities that help manage his physical pain and increase his self-esteem and self-efficacy.

Tr. at 373.

The ALJ did not make a specific credibility determination for Dr. Kowitch's findings. Therefore, the ALJ was required to credit the findings of Dr. Kowitch and include limitations in the Claimant's RFC which reflect the limitations observed by Dr. Kowitch. Here, the ALJ did just that. The ALJ determined that Claimant "can remember, understand, and carry out simple tasks and instructions typical of occupations with a SVP of 1 or 2; can have only superficial incidental interaction with the general public; and can work in proximity to coworkers, but not engage in teamwork." Tr. at 28. These non-exertional limitations are commensurate with the observations of Dr. Kowitch, as well as other physicians and lay witnesses on the record, that Claimant's psychological impairments are manageable. Thus, the court concludes the ALJ did not err in evaluating the opinion of Dr. Kowitch.

II.  Duty to Develop the Record

The Claimant next contends the ALJ erred by failing to develop the evidence of the Claimant's psychological impairments. The Commissioner contends that the evidence on the record was not ambiguous, and the duty to develop the record never arose.

An ALJ has "a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th

{RTK}

Cir. 2001).  Where the duty arises, the ALJ may discharge her duty to develop "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150.

Here, the evidence regarding Claimant's non-exertional psychological limitations is not ambiguous, and the ALJ's duty to develop the record did not arise.  Claimant relies primarily on Dr. Kowitch's report to argue his point.  As the court already discussed, Dr. Kowitch observed Claimant had some social anxiety and depression problems which should be treated through therapy,  but Claimant's memory was intact and Claimant was capable of organizing his thoughts.   These observations are consistent with the treatment notes of Allison Fox, FNP and Ryan Hutchinson, MD, which strongly suggest that Claimant's psychological symptoms were controlled by the Claimant's medication regimen.  Tr. at 429.  The treatment notes of these three medical professionals were also consistent with the lay-testimony of Claimant's mother, Margaret Soltwisch, who testified at the administrative hearing that Claimant had normal "attention, concentration, and motor activity," had no problems with personal care, was able to pay bills and manage his finances, and could use public transportation despite his social anxiety.

Claimant insists that the record is ambiguous because it "contains absolutely no opinion evidence, either from Plaintiff's treating sources or agency consultants regarding" how Claimant's mental health impact his ability to perform work-related activities.  However, the Claimant cites no authority for the proposition that a lack of opinion evidence automatically renders a record ambiguous.  Moreover, despite the ALJ's duty to develop an ambiguous or incomplete record, the Claimant bears the ultimate burden of proving disability.  To the extent the Claimant has failed to

Page 8 - OPINION AND ORDER                                              {RTK}

produce evidence that gives rise to a more restrictive RFC, that is not legal error which compels the court to reverse the ALJ's decision.

The record unambiguously demonstrates that, although Claimant suffers from some psychological difficulties, his problems are manageable. Because the evidence on the record is unambiguous, the ALJ's duty to develop the record did not arise. Therefore, the ALJ did not err by failing to further develop the record

## III.  Including all of Claimant's Limitations in the RFC

Claimant argues that the ALJ failed to incorporate all of Plaintiff's psychological limitations into the RFC. As a result, the ALJ's hypothetical question to the VE did not approximate the Claimant's ability to perform SGA, rendering the VE's testimony non-probative of whether the Claimant is disabled under the Social Security Act. The Commissioner disagrees, and contends the RFC contains all of Claimant's limitations.

Social Security regulations define the RFC as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of the jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 404.1512(a). Typically, the testimony of a VE is necessary to determine whether a Claimant's particularly RFC permits him or her to perform SGA. 20 C.F.R. § 404.1560(b)(2). Therefore, the ALJ will craft hypothetical questions which approximate the Claimant's RFC, which he or she will then pose to the VE. *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir. 2002). Because the RFC and hypothetical questions are so vital to the disability process, the law requires that they "include all of the claimant's functional limitations, both physical and mental supported by the record." *Id.* (internal quotation marks omitted).

The ALJ concluded that the Claimant could perform light work subject to some exertional

limitations. In addition, the ALJ determined the Claimant "can remember, understand and carry out simple tasks and instructions typical of occupations with a SVP of 1 or 2; can have only superficial incidental interaction with the general public; and can work in proximity to coworkers, but not engage in teamwork." Tr. at 28. As the court has discussed, the record demonstrates that the Claimant's psychological problems were reasonably controlled with medication, but the ALJ nonetheless included non-exertional limitations to ensure any potential job placement would accommodate Claimant's social anxiety. The claimant does not suggest what additional limitations are supported by the record and even admits that the record contains "little psychological evidence." (Pl.'s Opening Brief at 15.) To the extent the record requires non-exertional limitations to be included in Claimant's RFC, the ALJ included those limitations and adequately formed a hypothetical question for the VE which encapsulated the Claimant's condition and ability to perform SGA. Therefore, the ALJ did not err by failing to include all of Claimant's limitations in the RFC, and the court affirms the Commissioner's decision denying Claimant SSI benefits.

<em>Conclusion</em>

For the aforementioned reasons, the Commissioner's final decision (Dkt. No. 1) denying Claimant's application for SSI benefits is AFFIRMED.

IT IS SO ORDERED

DATED this 15th day of October, 2015

JOHN V. ACOSTA
United States Magistrate Judge